Reese, J.
delivered the opinion of the court.
The only question in this case, relates to the legal probate of a deed read in the cause upon the trial in the circuit court. The authentications endorsed upon the deed, show that it was acknowledged by the bargainor before John Reed, President Judge of the ninth Judicial District in the Commonwealth of Pennsylvania, composed of the counties of Cumberland, Perry and Juniatta. We learn from the Constitution of that State, that this court, the court of common pleas, is a Court of General Jurisdiction, possessing powers of Oyer and Terminer, and Jail delivery, and exercising Chancery Jurisdiction'. Brown’s Law Dictionary, 253, 4. It is superi- or to all other courts except the Supreme Court, and possesses much jurisdiction concurrent with that of the latter.
The question, then, is, whether the acknowledgment of a deed made before the President Judge of that court is valid, by the provisions of the Registration act of this State, passed December, 1839.
This will depend upon the construction of the 2d and 5th sections of that act, chiefly upon that of the 2d section.
The leading obj ect of that section, which relates entirely to probates in foreign countries, was, that the official position of the person before whom the probate or acknowledgement might be taken, should be such as to repel' the danger arising from fraud, ignorance or mistake, and give a reasonable pledge of accuracy and fidelity. It may be made before any Notary Public, and authenticated under his notarial certificate; before any Consul, Minister or Ambassador of the United States, or before any commissioner to- be appointed by the Governor of this State. Also,, it may be made before *209 “a Judge of the Supreme, or Superior Court,” or in any court of record. The term “Supreme, or superior Courts,” it is obvious do not refer to the style or designation of the courts. For in those countries with which we. have most intercourse, France and England, there are perhaps no courts so styled. They refer then, to the grade and dignity of the court in point of jurisdiction, of which the person taking the probate may be Judge. Are Supreme and Superior used as synonimouS or identical? We think not. The Judge must be of a court either supreme or superior in its jurisdiction. If this were not so, a valid probate, under the statute, could not be taken by any one of the twelve Judges of England; for although belonging to courts of superior jurisdiction, yet their jurisdiction is not supreme; the House of Peers, when sitting in a judicial capacity, possessing the highest, or supreme jurisdiction. We think it is clear, then, that any one of the judges of King’s Bench, common pleas, or exchequer,because a Judge of a court of superior jurisdiction, might take a valid probate of a deed under our statute. If this be so, it determines the question before us in favor of the validity of the deed as acknowledged. For the 5th section of the statute briefly provides that deeds and other instruments may be proved or acknowledged in the several States of this Union, 'as provided in the foregoing sections. Then a deed may be acknowledged before a Judge of a court of superior jurisdiction in Pennsylvania, to wit, before a Judge of the court of common pleas, as in the case at bar. Our legislature could not have been ignorant that our parent State, North Carolina, where more deeds for land in Tennessee would, in all probability, be made and proved, than in any five States of the Union, had two courts, not only of supreme and superior jurisdiction, but courts, too, known to their laws, and to the public, by that style and designation,, the one being called the Supreme Court, and consisting only ©f three Judges, and the other being called the Superior Court, and having many judges in different parts of the State. They could have scarcely intended that only those three Judges should have power to take a probate, and all the Judges of the court called superior, be excluded. They have used a term “supe *210 rior,” •which describes not only their jurisdiction, but likewise their style. But if a Judge of the Superior Court of North Carolina can take a valid probate of a deed, so also can a Judge of the Court of Common Pleas in Pennsylvania who possesses at least equal jurisdiction, and is of equal dignity. Let the judgment be affirmed.