WILLIAM R. SMITH *versus* KENNEBEC & PORTLAND R. R. CO., AND GEORGE W. STANLEY, *trustee.*

Coupons, or notes for the payment of the interest on bonds issued, are choses in action and cannot be attached by trustee process, or sold on execution.

Where one holds such notes as collateral security, they are not held by him subject to the provision of c. 119, § 58 of R. S., which applies only to " property not exempted by law from attachment."

EXCEPTIONS to the ruling of RICE, J., by whom the trustee was discharged.

The facts sufficiently appear in the opinion of the Court.

*Bradbury, Morrill & Meserve*, for plaintiff, contended : —

(1.) The trustee is chargeable under R. S. of 1841, c. 119, § 58, as having property pledged for the payment of a sum of money.

(2.) For that he has converted the property pledged to his own use ; and must account for it.

*Libbey*, for the trustee, argued : —

That the trustee had nothing in his hands and possession belonging to the principal defendants, except choses in action which he held as collateral security. He cannot be charged

therefor. *Runlet* v. *Jordan*, 3 Maine, 47; *Maine Insurance Co.* v. *Weeks*, 7 Mass. 438; *Dickinson* v. *Strong*, 4 Pick. 57; *Perry* v. *Coales*, 9 Mass. 537; *Lerpton* v. *Cutler*, 8 Pick. 298; *Gore* v. *Crosby*, 8 Pick. 555; *Meacham* v. *McCorbitt*, 2 Met. 352.

The opinion of the Court was drawn up by

APPLETON, J.—It appears, from the disclosure of the trustee, that, on or about the 28th of July, 1853, he loaned the defendants the sum of $5000, taking therefor their note of that date, payable on demand, and interest, and that, as collateral to said note, he received the notes of the town of Hallowell to the amount of $5000, to which were attached coupons, or interest notes, said notes for the principal becoming due in 1870, and said notes for the interest being payable semi-annually, at the end of each and every six months from the date of the notes for the principal.

It further appeared that, on the first day of May, 1856, the defendants were indebted to the trustee in the sum of $5,722,75, and that, on the 5th of May, he received the sum of $5000 from the sale of the notes of the town of Hallowell, and $450 from the sale of coupons or interest warrants, leaving due $276,92, and that he retained, as security for the amount, coupons to the amount of $1050, which were in his hands at the date of the service of the trustee on him, and which have never been paid.

It is insisted that the trustee should be held chargeable for the coupons remaining in his hands, or for the money received from the sale of the bonds, which he held as collateral to the note of the defendants.

But such is not the law. The coupons are choses in action which can neither be attached on the writ, nor sold on execution. Though pledged to the trustee, they are not held by him subject to the provisions of R. S., c. 119, § 58, which apply only to "property not exempted by law from attachment," and which "is to be held and disposed of in like man-

ner as if it had been attached on mesne process," when the debt, it is pledged to secure, has been paid.

Neither can the trustee be charged for the proceeds of the sales of the bonds sold. Whether the sale was authorized or not, is a matter important mainly to the defendants and the trustee. If authorized, the proceeds were not sufficient to meet the liability of the defendants. If the sale was unauthorized, it furnishes no reason for charging the trustee for the proceeds of pledged property when he could not be justly charged for the property itself, and when the money received from its sale was insufficient to meet the purposes for which the pledge was given.

The trustee was properly discharged.

*Exceptions overruled.*

TENNEY, C. J., RICE, HATHAWAY, MAY, and DAVIS, J. J., concurred.