## Robert Crawford
### v.
## Mathias Schmitz, Conservator, etc.

*Sales—Choses in Action Concealed in Article Sold—Executions—Jurisdiction.*

1. Choses in action are not subject to seizure and sale under execution. This is the common law rule and obtains in this State.
2. The purchaser at a sale under an execution of a trunk containing, among other things, bonds, notes, coupons, deeds and the like, obtains no title thereto. They remain the property of their owner and in converting them to his own use the purchaser takes the proceeds in trust for the true owner.
3. Except in cases where the subject-matter is wholly foreign to the jurisdiction of a court of chancery, and incapable of being brought before it, even by consent, the objection that there is an adequate remedy at law must be insisted upon in the trial court, and if not, must be considered as waived herein.

[Opinion filed July 30, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

In this case it appeared that on May 7, 1889, a judgment in forcible detainer was rendered by a justice of the peace against

one Richard Martin, for possession of premises occupied by him, and that on May 14, 1889, a writ of restitution for the premises was issued, with execution for $3.95 costs. The writ was executed by one Rudolph Stenzel, who on the execution levied upon one trunk and contents and one box and contents, and on May 26, 1889, sold the same to the highest bidder for $8; that the property was bid off for appellant, Robert Crawford, who paid the person making the bid a quarter of a dollar, and then paid the constable making the sale $8; that said Crawford thought the property he purchased was worth about $12; that about a week after the sale said Crawford found in the bottom of the trunk under a newspaper a note for $2,000, with two coupons for $65 each, and secured by a trust deed; also eight city of Chicago water bonds, for $50 each, three Cook county bonds for $100 each, and one Government bond for $200. Crawford afterward sold the bonds and one of the interest coupon notes for $965.

It also appeared that Richard Martin and Nicholas Gehrig were one and the same person, and that said Gehrig was the owner of the note, trust deed and bond, and having been for two or three years insane, was on October 12, 1889, adjudged insane by the County Court of Cook County, and on the 22d of November, 1889, appellee was appointed conservator of his estate.

The conservator, Mathias Schmitz, upon being so appointed, demanded the bonds, coupons, note and trust deed of Crawford, who by order of the Probate Court, delivered to the complainant the note, trust deed and one of the coupons, but refused to deliver the remaining coupon, or any of the bonds, or to pay over any of the money he had received; whereupon appellee filed his bill, setting up the foregoing, also that the property, namely, the bonds, coupons and note, were obtained by Crawford by fraud, and by virtue of a conspiracy with the constable. Crawford appeared and answered the bill, denying the allegations of the bill, but did not make the defense that the complainant had a plain and adequate remedy at law. Upon the hearing the court found that Crawford became possessed of the notes and bonds fraudulently, and that he held

the same as trustee for said Gehrig, and decreed that he pay the complainant $1,056.67, from which decree Crawford appealed.

Mr. SYLVESTER G. ABBOTT, for appellant.

The presumption of law is in favor of the regularity of sheriff's sales, and sales by a constable stand upon the same footing.   West v. Cooper, 19 Ind. 1; Eggers v. Redwood, 50 Iowa, 204; Child v. McChesney, 20 Iowa, 431; Shields v. Miller, 9 Kansas, 390.

In support of our second proposition, we refer to the following:  "As little as you have to do with the inadequacy of price at which it is said the land was sold, if the sale was fair, and in other respects legal, inadequacy of value given for property sold at public auction was never yet supposed, much less decided, to be a ground for invalidating the sale."  (This was action of ejectment.)  Lessees of Cooper v. Galbraith, 3 Wash. C. C. 557.

The rule in reference to judicial sales is, that in the absence of all fraud and unfairness, mere inadequacy of price, however gross, does not invalidate the sale.   Brittain v. Handy, 20 Ark. 381; Miller v. Fraley, 21 Ark. 23.

In the case of Van Dyke v. Martin, a bill was filed in chancery to set aside a sale, and the court says:  "The charge of tampering with and keeping away bidders is directly and positively denied.   There is nothing left but the simple charge that the price was grossly inadequate.   Is this sufficient?   We think not.   We have not found a case where a regular sheriff's sale, under ordinary process, has been set aside for simply inadequacy of price."   Van Dyke v. Martin, 53 Ga. 223.

And the complainant having failed to prove any collusion or conspiracy in reference to the property in question between Crawford and his co-defendants, or either of them, or any other person, and having failed to prove any fraud or unfairness on the part of Crawford in any way, leaves nothing but the inadequacy of price on which to ask that the property acquired be restored.

"From inadequacy of price a probable presumption of fraud

may be created, but it was never held, *per se*, sufficient to invalidate a sale, and it may be explained away and accounted for." Hart v. Bleight, 3 T. B. Monroe (19 Ky.), 273.

In the case of Hanson v. Barbour a motion was filed to quash a sheriff's sale on the ground, first, of fraud and collusion between sheriff and purchaser; second, sale on credit and inadequacy of price. The court says: "We concur with the court below in believing that the evidence is insufficient to prove any collusion in the sale." "A bidder, who appeared, professing himself to be the agent of the plaintiff, had once or twice declared he would bid no more, and told the sheriff to strike it off to the purchaser, which he did." "Another, who acted as the provisionary agent of the plaintiff, complained that it was cried off too low. The sheriff declared he would again set it up, but the purchaser objected; and after the sheriff had conversed with the purchaser in private, he declined setting up the land again. We can not infer from this private interview that there was collusion, especially as the testimony is utterly silent as to any improper communication between them. There is, then, left only inadequacy of price from which unfairness can be inferred, which is a circumstance *per se* not sufficient to warrant the presumption of fraud under the circumstances of this case." Hansford v. Barbour, 3 Marshall (10 Ky.) 515 star paging. To the same effect see Mercereau v. Priest, 3 N. J. Eq. (2 Green) 460; Watt v. McGalliard, 67 Ill. 516; Newton's Heirs v. Bank, 22 Ark. 28–9; Hardy v. Hurd, 15 Ark. 188–9; Brenshaw v. Moffitt, 6 Ind. 465; Roe v. Ross, 2 Ind. 99; Craig's Adm. Appeal, 77 Pa. St. 448; Greenup v. Stoker, 12 Ill. 24; Gibbons v. Bressler, 61 Ill. 111; Pickering v. Driggers, 59 Ill. 65; O'Callaghan v. O'Callaghan, 91 Ill. 228.

In the last case above, a house and lot valued at $4,000 was sold for the sum of $10, still the court refused to set aside the sale.

All of the above cases relate to the sale of real estate. A careful examination of the authorities has disclosed very few instances where it has been sought to set aside the sale of personal property, and we call attention to the following case as one making a distinction between the two classes of property.

Crawford v. Schmitz.

The case of Swires v. Brotherline, 41 Pa. St. page 135, was where a portable steam saw mill, valued at $1,500, was sold for the sum of $20 at a judicial sale. There was but one bidder and that bidder was the crier himself, but the court refused to impeach the sale either on the ground of fraud or inadequacy of price, the court saying, on page 140 of this decision: "Courts having control of writs or execution, do sometimes treat gross inadequacy of price as a reason, for setting aside sales of real estate; but personal property, fairly advertised, fairly cried and fairly knocked down, must go for what it will fetch."

Were there irregularities attending the sale? It is contended that the sale was irregular, and reference is made to section 12, chapter 77, which provides that where real or personal property is taken on execution, if the same is susceptible of division, it shall be sold in separate tracts, lots or articles, etc. This section applies to executions issuing from courts of record and does not apply to executions issuing from the office of a justice of the peace.

Mr. LOUIS WEBER, for appellee.

If the property in fact was in the trunk at the time of the levy and sale, then the sale was void for the following reasons:

1. Because the constable neglected to comply with the requirements of the statute in making the levy and sale.

2. Because the property in question was not in view at the time of the levy and was not exposed to view to the bystanders at the sale.

3. Because the property was sold at a gross inadequacy of price.

In determining the question whether the provisions of the statute were complied with in making the levy and sale, it will be necessary to examine the statute which fixes the duties of constables in whose hands an execution is placed.

Sec. 88, Chap. 79, Hurd's Revised Statutes of Illinois, which we here set out *in haec verba*, reads as follows:

"Every constable to whom an execution shall be delivered shall indorse on the back of the same an exact memorandum

of the day and hour when the same shall have come to his hands, and shall immediately proceed to levy the same, indorsing also on the back of the execution the date of such levy, and make an exact inventory of the property on which the same shall have been levied; and shall appoint a day and hour for the sale of said property, giving ten days' previous notice of such sale, by advertisement in writing, to be posted up at three of the most public places in the vicinity where the sale is to be made; and on the day so appointed, the said constable shall sell the property so levied on, or so much thereof as may be necessary to pay the judgment, interest and costs, to the highest bidder."

By referring to the writ of restitution, it will appear that no indorsement was made of the day and hour when the same came into the hands of the constable, and no indorsement was made of the levy and no inventory of the property was made on which he levied. No copy of the ten days' notice in writing appears in the record of the proceeding before the justice. The constable in his return on the writ of restitution, attempts to make it appear that some of these requirements were complied with. This will not answer.

It was held in Douglass v. Whiting, 28 Ill. 362, that "the officer as soon as a levy is made should indorse it on the execution. It is not sufficient to include it in the return only. The levy and return are distinct things and both should be clear, precise and explicit."

This was also held in the case of Davidson v. Waldron, 31 Ill. 130.

The property in question should have been in view at the time of the levy and sale. We contend that the law is well settled that in order to constitute a valid levy on personal property, the property must be seen by the officer, and the same rule is adopted as to the sale of the property. It must be seen by the bidders so that they can have an opportunity of inspecting the goods and forming an estimate of their value.

On the question of what constitutes a valid levy on personal property we cite Davidson v. Waldron, 31 Ill. 130; Havely

v. Lowry, 30 Ill. 446; Cresson v. Stout, 17 Johns. 116; Logsdon v. Spivey, 54 Ill. 104; Persels v. McConnell, 16 Ill. App. 526; Ray v. Harcourt, 19 Wend. 495; Haggerty v. Wilbur, 16 Johns. 287; Carey v. Bright, 58 Penn. St. 70; Sheldon v. Soper, 14 Johns. 352.

The case of Haggarty v. Wilbur, *supra*, is a case where an officer made levy from the outside of a locked-up house, of goods within. Although some articles on the outside were actually seized, the court in this case says: "The inventory furnishes the means of ascertaining what goods were levied on. It may be safely laid down that the sheriff must have the goods under his view and within his power to constitute a good levy. A proclamation of a levy of goods locked up and not within the view of a sheriff is no levy. A levy made without seeing the property is void.

In the case of Sheldon v. Soper, *supra*, it appeared that the deputy sheriff, when he made the levy under an execution, did not see the property in question, or know Ellis (the judgment debtor) owned it, and at the time of the sale did not know that it belonged to Ellis, but he put up some articles specifically, and all the other personal property generally, intending thereby to sell the whole of the personal property of Ellis.

The court says the general sale of the property under the execution would not pass the property; the sheriff did not even know the goods, or pretend to sell them specifically, and to sanction such sales would open a door to innumerable frauds.

The property should be pointed out to the inspection and examination of bidders that they may be enabled to form an estimate of its value.

In the case of Cary v. Bright, *supra*, the court hold the following language as to the levy: "In this case the question was only whether, as to part of the goods alleged to have been sold, there ever had been a legal levy. A mere paper levy is no levy at all, and a sale under it is a nullity as to subsequent executions, creditors and purchasers. A man might have his bed sold from under him by that means without his knowing it. There was held considerable amount of personal property levied on, but the sheriff added to the inventory

'all other personal property, in, about, and connected with the said colliery,' and without having ever gone down into the mines or seen the property, he sold under that description, and left the whole in the possession of the defendants in the execution, from whom the landlord afterward purchased it."

In the following cases it was decided " that in the sale of personal property under an execution, the property sold must be present where it can be seen by the by-standers, or it will be void. Bidders should have an opportunity of inspecting the goods and forming an estimate of their value. This is the only way to secure fairness and competition at a public sale." Herod v. Bartley, 15 Ill. 58; Minor v. Herriford, 25 Ill. 344; Havely v. Lowry, 30 Ill. 446; Davidson v. Waldron, 31 Ill. 120; Chittenden v. Rogers, 44 Ill. 105; Tibbets v. Jageman, 58 Ill. 43.

Upon the question of gross inadequacy of price, no argument is needed to demonstrate that this property, consisting of negotiable bonds, notes, etc., worth about $3,000, and claimed to have been purchased for $8, was a gross sacrifice.

The authorities are uniform that where property has been sold upon execution or at a judicial sale at a grossly inadequate price, the court will seize upon any circumstances indicating fraud or unfairness, or any irregularity in the manner of making the sale, to afford relief. Hamilton v. Quimby, 46 Ill. 90; Thomas v. Hebenstreit, 68 Ill. 115; Roseman v. Miller, 84 Ill. 297; Morris v. Robey, 73 Ill. 462; Davis v. Chicago Dock Co., 21 N. E. Rep. 830; Berry v. Lovi, 107 Ill. 612; Parker v. Shannon, 27 N. Rep. 525.

The slightest circumstance of unfairness raises the presumption of fraud. Graffen v. Burgess, 117 U. S. 192; Schilling v. Luitner, 43 N. J. Eq. 44; Hunt v. Fischer, 29 Fed. Rep. 80; Freeman on Executions, 2d Vol., Sec. 304 I.

Appellant's counsel devotes considerable space in his brief, in an exhaustive argument and citation of law to the effect that "a judgment against a lunatic is binding," when in fact we have never contended the converse to be the law. We have always conceded that the judgment against Gehrig before the justice was binding on him. The fact, however, remains

undisputed that Gehrig was at the time of the levy and sale an insane person. This, we apprehend, the court will take into serious consideration in determining the question whether any undue advantage was taken of his unfortunate condition in making the levy and sale of his property at such a great sacrifice.

Courts of equity watch with the most zealous care every attempt to deal with persons *non compos mentis.* Whenever, from the nature of the transaction, there is not evidence of entire good faith, or the act is not seen to be just or for the benefit of these persons, courts of equity will set it aside or make it subservient to their just rights and interests." Story's Equity Jurisprudence, Sec. 228.

Appellant's only other contention which we consider worthy of any consideration is, that we have failed to show fraud on his part, on which the prayer of the bill could be granted.

The courts have recognized as law " that fraud may be implied from gross inadequacy of price alone." Comstock v. Purple, 49 Ill. 167; Duncan v. Sanders, 50 Ill. 475; Booker v. Anderson, 35 Ill. 66; Heberer v. Heberer, 67 Ill. 253; Berry v. Lovi, 107 Ill. 612; Cook v. Jenkins, 30 Iowa, 452; Henderson v. Sublet, 21 Ala. —.

In the case of Henderson v. Sublet, *supra,* the court says : " Although every inadequacy of price will not be sufficient to set aside a sale of lands made under an execution, yet when the inadequacy is so gross as at once to shock the understanding and conscience of an honest and just man, it will of itself authorize a court to set aside the sale."

WATERMAN, J. Appellant has urged in his brief, that a judgment against an insane person upon whom process has been duly served, is not necessarily void, and that when it appears that all the proceedings were regular and the judgment itself just and equitable, a purchaser thereunder will be protected both at law and equity, and he also discusses the situation in which purchasers at execution sales stand, and insists that, as Crawford would have been bound by his bid and could not have had the sale set aside, if the property he purchased

had proven entirely different from what he expected, and was, therefore, worthless, he is consequently entitled to hold all that he unexpectedly found in the trunk, the contents of which, according to the terms of the sale, he declares that he purchased.

We have not considered these contentions of appellant, because we do not think they are involved in this case. What appellant obtained possession of by virtue of the purchase he made, which is the subject-matter of this litigation, are things not subject to sale upon execution. This bill was brought to recover either choses in action themselves, or the proceeds thereof, from the appellant, who had converted such choses to his own use.

Choses in action are not subject to seizure and sale under execution. Such is the rule of the common law, which has never been changed in this State. Freeman on Executions, Sec. 112; Herman on the Law of Executions, Sec. 122; Ingalls v. Lord, 1 Cow. 240; Smith v. Kennebec R. R. Co., 45 Me. 547.

Appellant obtained by his purchase neither right nor title in or to any of the bonds, notes, coupons or deeds which he found in the trunk. Notwithstanding the possession he obtained, all these choses in action remained the property of the insane Gehrig, and appellant in converting them to his own use, took the proceeds, as he did the choses themselves, in trust for the true owner.

It is insisted in this court that the complainant below had a plain and adequate remedy at law, and that therefore this suit can not be maintained. The objection made comes too late.

The Supreme Court of this State, in the case of Dodge et al. v. Wright et al., 48 Ill. 382, say: "We have several times held that except in those cases where the subject-matter is wholly foreign to the jurisdiction of a court of chancery, and incapable of being properly brought before it, even by consent, the objection that there is an adequate remedy at law must be insisted upon in the Circuit Court; and if not, it will be considered as waived when brought here. The subject-matter of the bill in this case is not wholly foreign to the

Crawford v. Schmitz.

jurisdiction of a court of chancery, and the objection that there is a complete and adequate remedy at law, should have been raised in the Circuit Court. As it was not, it will be considered as waived in this court."

Appellant, if he meant to insist upon the defense that the complainant had a plain and adequate remedy at law, should by proper pleading have insisted upon such defense in the court below. Magee v. Magee, 51 Ill. 500; Hickey v. Forristal et al., 49 Ill. 256; Whittington v. Ross, 8 Ill. App. 234; Daniell's Chancery Practice, 551–555.

The subject-matter of this litigation is not wholly foreign to the jurisdiction of a court of equity, but is of that class over which a court of equity will always take jurisdiction when the relation of the parties to each other and the subject-matter of the controversy render such jurisdiction necessary; and in such case the objection that there was a complete remedy at law, comes too late after an answer has been filed in which this objection is not taken. It is said in Daniell's Chancery Practice, that the court having general jurisdiction will exercise it save in cases where no circumstances whatever can give the court jurisdiction, unless the objection on the ground of jurisdiction is taken in proper time, either by demurrer, plea, or in the answer. Daniell's Chancery Practice, page 555.

To the same effect is the case of Stout et al. v. Cook, 41 Ill 447; and also Cutting v. Dana, 25 N. J. Eq. 265; Marsh v. Haywood, 25 Tenn. 209; Lishey v. Smith, 26 Tenn. 298.

It may be the case, as is suggested, that an action for money had and received, could have been maintained against Crawford, but the action for money had and received is an equitable action; the plaintiff must show that he has equity and conscience on his side; that its subject-matter is not entirely foreign to a court of equity. Pease v. Barber, 3 Caine's Reports, 266; Knapp v. Hobbs, 50 N. H. 476; Eddy v. Smith, 13 Wend. 489; Moses v. MacFarlain, 2 Burr, 1005, 1112; 2d Chitty on Contracts, 898.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*