## Gleason and Bailey Manufacturing Co. v. John G. Hoffman.

1.  EQUITY PRACTICE—*Remedy at Law—Waiver of the Right to Object.*—When a general demurrer to a bill in chancery, for an account, is overruled, and the defendant answers, and not only says nothing about the remedy being at law but prays for a money decree in his own favor, objection to equity jurisprudence is waived.

2.  SAME—*Objections to the Master's Report.*—Where the report of the master does not follow the directions of the submission, objections must be made in the court below by an appropriate motion.

3. Exceptions to the Master's Report—*Must be Specific.*—Exceptions to the report of the master must be specific and must point out the evidence upon which they are based.  McMannomy v. Walker, 63 Ill. App. 259.

**Bill for an Account.**—Error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.  Heard in this court at the March term, 1896.  Affirmed.  Opinion filed March 31, 1896.

Walker, Judd & Hawley, attorneys for plaintiff in error.
"Whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate and complete remedy without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury," a right guaranteed by all American constitutions.  Buzzard v. Houston, 119 U. S. Reports, 347–355; L. Ed. Book 30, page 451–453; Gore v. Kramer, 117 Ill. 182.
"Where, in and of itself, the claim is in its nature essentially of a legal character, as is a cash or money claim, some substantial and well defined ground of equity jurisdiction must exist, such as the enforcement of a lien as security for the cash claim, the necessity for discovery, the necessity for an accounting too complicated for a jury in a trial at law, etc.  But, in the language of Chief Justice Marshall, ' this rule can not be abused by being employed as a mere pretext for bringing causes proper for a court of law into a court of equity.' "  Russell v. Clark, 7 Cranch 89.
Neither can this bill be maintained on the ground of discovery, because it neither alleges that the proof can not be got except in a court of equity, nor do the facts so show Story's Equity Jurisprudence, Sec. 74.

Dow, Walker & Walker, attorneys for defendant in error.

Mr. Presiding Justice Gary delivered the opinion of the Court.
September 16, 1895, the appellant made an agreement with the J. G. Hoffman Manufacturing Company, of which

the appellee was substantially "the whole bird," for the exclusive right to manufacture, on royalties, fan-blowers under patents belonging to the Hoffman company.

The agreement provided for its own termination, and the Hoffman company did terminate it, and assigned all its claims against the appellant to the appellee, who filed this bill for an account of what was due for royalties from the appellant to the Hoffman company.

The appellant answered, and by agreement of the parties the case was referred to a master to take the proofs and report the same, "with his opinion on the law and the evidence." He reported $8,771.34 due to appellee.

The appellant concedes that we are not "to review the question of fact" arising before the master.

The points made by the appellant are: First, that the action should have been at law. There was a general demurrer to the bill, but when that was overruled the appellant answered, and not only said nothing about remedy at law, but prayed for a money decree in its own favor, thereby admitting that the case was properly in a court of equity, where, on a bill to account, the defendant may have relief, upon or without an answer. Acme Copying Co. v. McLure, 41 Ill. App. 397.

The objection to the equity jurisdiction, if ever valid, was waived. Crawford v. Schmitz, 41 Ill. App. 357; Herrick v. Lynch, 150 Ill. 283.

The second point is that though the reference "was to take evidence and report the same, together with his conclusions thereon," yet the report of the master "simply states his conclusion."

No such point was made in the Circuit Court. If a good objection, it should have been the basis there of an appropriate motion. Deimel v. Parker, 59 Ill. App. 426.

The third point is that the master came to a wrong conclusion upon an item in the account.

The record shows that before the master were account books, a deposition, and other papers not set out in the record. What they contained we have no means of knowing, and besides no question arises upon an exception to a

North Chicago St. R. R. Co. v. Rosenberg.

master's report that he " erred in allowing each item of royalty shown in report." We have wasted a good deal of time and space in endeavoring to impress lessons as to exceptions to master's reports. The last effort was in Mc-Mannomy v. Walker, 63 Ill. 259.

The last point is that the master took into the account several matters of charge by the appellee against the appellant, which were no part of the account which the bill was based upon.

Generally, it is true that only the matters presented by the bill can be litigated in a chancery cause. Detroit Stove Works v. Koch, 30 Ill. App. 328.

But in this case all the dealings between the two companies were conducted upon the basis that the appellee was the whole of his company. He gave his time and effort to the business to which the agreement related, and also dealt with the appellant in the other matters taken into account by the master.

The appellant had counter-charges against him to the amount of $6,760.26, allowed by the master, but which had never been applied specifically to any part of the dealings between these parties.

To adjust the balance to be applied to the account which was the basis of the bill, the other items chargeable by the appellee to the appellant were taken into account to the amount of $2,961.36.

Whether in form or not, this amount was in substance applied to the reduction of the appellant's account, which was in the nature of a set-off, as no part of it had ever been specifically applied to the royalties.

There is no error, and the decree is affirmed.