## NORTHEAST BANK N.A.

v.

## Louise CROCHERE.

Supreme Judicial Court of Maine.

Argued Jan. 15, 1981.

Decided Dec. 18, 1981.

Berman, Simmons, Laskoff & Goldberg, P.A., John E. Sedgewick (orally), and Robert A. Laskoff, Lewiston, for plaintiff.

Gauvreau & Thibeault, N. Paul Gauvreau and Daniel J. Murphy (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK,* GODFREY, ROBERTS and CARTER, JJ.

* WERNICK, J., sat at oral argument and participated in the initial conference but retired before the opinion was adopted.

ROBERTS, Justice.

After a long and procedurally complex history, this case reaches the Law Court with the controversy narrowed by the parties to one issue. That remaining issue is whether an order in a disclosure proceeding purporting to impose a lien on property not subject to attachment is void and thus open to collateral attack. The District Court apparently thought not, and therefore denied a motion to vacate the order. The Superior Court reversed. We in turn reverse the Superior Court and direct the entry of judgment affirming the District Court.

Northeast Bank was a judgment creditor of Haleston Howard and Louise Crochere.[1] Following disclosure proceedings, the District Court, Lewiston, on March 24, 1978, purported to impose a lien on the potential award of damages in a personal injury action against a third party then pending in Superior Court, Kennebec County, in which Crochere was the plaintiff. Crochere did not appeal.[2] In January of 1979, after the tort claim was settled, Crochere filed a motion in District Court to vacate the lien order. After a hearing, the District Court denied the motion without explanation.

Crochere appealed from a denial of the motion to vacate to the Superior Court, Androscoggin County. The Superior Court first determined that a personal injury claim not yet reduced to judgment fell within the common law exemption of 14 M.R.S.A. § 4151 to property subject to attachment.[3] Therefore, the potential recovery from that action could not be the subject of a lien under 14 M.R.S.A. § 3132.[4] Then, reasoning that the District Court lacked the power or authority to impose the lien, the Superior Court concluded that the lien order was void rather than voidable, so it was properly subject to collateral attack by motion to vacate. The Superior Court therefore ordered the lien order vacated.

In the Law Court, for purposes of its appeal, Northeast Bank does not dispute the Superior Court's conclusion that the potential recovery of damages in a pending tort action was not properly subject to a lien order.[5] That concession limits the issue before us to whether the District Court's order imposing the lien was void or voidable. If void, the order was open to collateral attack by the motion to vacate and the Superior Court's decision was correct. If

1. Haleston Howard and Louise Crochere were originally codefendants. Since Howard has never participated in these postjudgment proceedings, we use Crochere in the caption.

2. Since the lien order was entered after judgment on the bank's complaint, it was a final judgment for purposes of appeal.

3. Section 4151 of title 14 states:
   § 4151. Property subject to attachment
   All goods and chattels may be attached and held as security to satisfy the judgment for damages and costs which the plaintiff may recover, except such as, from their nature and situation, have been considered as exempt from attachment according to the principles of the common law as adopted and practiced in the State, and such as are hereinafter mentioned. Such personal property may be attached on writs issued by the District Court in any division, when directed to the proper officer.

4. Section 3132 of title 14 states:
   § 3132. Lien on real estate and personal property

Upon the request of the judgment creditor, the court shall order a lien on so much of the judgment debtor's property which is not exempt from attachment and execution as will satisfy the judgment and costs. Such a lien shall be ineffective against third persons until the judgment creditor files the lien order, if the property is real estate, with the register of deeds of the county where the real estate lies; and, if the property is personal property, with the filing officer where a filing would be required to perfect a security interest in such property under Title 11, section 9-401. Such a lien shall continue until the judgment and costs are satisfied. If the judgment debtor transfers, conceals or otherwise disposes of the property subject to a lien order, he may be held in contempt of court in proceedings under section 3136.

5. We intimate no opinion, therefore, on the question of whether the Superior Court correctly concluded that Crochere's potential recovery was "exempt."

voidable, the order could be challenged only on direct appeal.[6]

In *Warren v. Waterville Urban Renewal Authority*, Me., 290 A.2d 362 (1972), the Court recognized three exceptions to the general rule allowing attack on a judgment only by direct appeal: denial of due process, lack of jurisdiction, or adjudication of issues beyond the scope of those submitted for decision. *Id.* at 365–66. None of these exceptions applies here. The District Court had jurisdiction over both the parties and the subject matter, it adjudicated only the issues before it, and Crochere made no claim of deprivation of due process in relation to that adjudication.[7]

■■■ The Superior Court incorrectly concluded that by improperly imposing the lien, the District Court acted beyond its powers, making its decision void. The District Court may have made an error of law by imposing the lien. The District Court, however, did not deprive itself of jurisdiction or act beyond its power by making an error: the court's power included the power to decide the issue incorrectly. *Swift &*

Company v. United States, 276 U.S. 311, 330, 48 S.Ct. 311, 316, 72 L.Ed. 587 (1927). Therefore, assuming it incorrectly entered the order, the District Court's order was voidable, not void. *Maine National Bank v. Rush*, Me., 388 A.2d 108 (1978); *Vanasse v. Labrecque*, Me., 381 A.2d 269, 272 (1977). Because Crochere failed to appeal from the entry of that order, it became final upon expiration of the appeal period and was not subject to collateral attack by a motion to vacate.

The entry will be:

Judgment of the Superior Court reversed.

Remanded to the Superior Court for entry of an order affirming the judgment of the District Court.

All concurring.

6. We recognize that these labels are but a shorthand means of expressing the result of an analysis of factors limiting a reexamination of subject matter jurisdiction. Indeed, the Restatement (Second) of Judgments no longer relies upon the distinction between direct and collateral attack. Instead, Chapter 5 of the Restatement deals with questions of standing, propriety of the forum, and whether evidence may be offered to attack a judgment. Restatement (Second) of Judgments, Introductory Note to ch. 5, at 7 (Tent. Draft No. 6, 1979).

7. Since our opinion in *Warren* the trend has been to narrow even further the scope of permissible attack on a judgment other than by direct appeal. The tension between *finality*

and *validity* of judgments in contested actions may be resolved by addressing the following factors as justification for relitigating issues of subject matter jurisdiction: (1) whether the action of the court was a manifest abuse of authority (2) whether the action of the court substantially infringes upon the authority of another tribunal or agency of government (3) whether the original court lacked capability of making an informed determination of its jurisdiction and (4) whether procedural fairness dictates a belated raising of subject matter jurisdiction. Restatement (Second) of Judgments §§ 15(1)(2) & (3) (Tent.Draft No. 6, 1979). Application of those factors in the instant case would not change the result.