But the Court said, that it sufficiently appeared, from the disclosure of the supposed trustee, that an assignment had been made, and notice thereof seasonably given to Porterfield. Such an assignment, sufficient in point of form, must be supported on á process of this nature, or bond fide assignees may be injured and defrauded, without possibility of relief. To avoid mischief to the attaching creditor, it has often been suggested by the Court, that he should summon the assignee, by whose examination the * whole transaction might be made to appear. Although his rights are expressly to be passed upon in cases of this kind, if he be not summoned as a trustee, he has no opportunity to give any evidence of such rights, nor even to be heard in defence of them. If a fraudulent assignment be set up, and receive the countenance of the Court, the creditor must look for his remedy by another process. It is to be feared, that wrongs will sometimes take place from the tíature of these proceedings, which, as the law now is, cannot be prevented. A legislative provision for a trial by jury of the question, whether trustee or not, might go far' to remedy the evil.

Trustee discharged.

[ See Cushing on Trustee Process, § 178 et seq., and case cited. — Ed.]