## AMOS BECKWITH *et a. vs.* BENJAMIN BAXTER AND NATHANIEL BROWN, *his trustee.*

An executor cannot be held as the trustee of one, to whom a pecuniary legacy is bequeathed by the will of the testator.

Where a note was given to *A.'s* wife, without his knowledge, and she disposed of the note to *B.*, in an action brought against the maker of the note, as the trustee of *A.*; it was held, that if the act of the wife in receiving the note were adopted, her disposition of it must also be adopted, and that the trustee was not chargeable.

THE trustee, in his disclosure, stated, the said *Benjamin Baxter*, more than twenty years since, delivered to his wife certain personal property for her use and support, and deserted her ; the property, thus delivered to her, she put into the hands of *Abraham Brown*, her father, who died in the year 1808. *Nathaniel Brown*, the trustee, was made executor of *Abraham's* will, and as such, received said personal property, to the value of about $200. The said *Nathaniel* gave Mrs. *Baxter* a legacy of $33 33 in his will. After the death of the said *Abraham*, a settlement was made between the trustee and Mrs. *Baxter*, and a note, payable to her, given for the balance due to her. Mrs. *Baxter*, having made a present of the said note to her sister, *Sarah Beckwith*, died on the 12th August, 1819. At the time of Mrs. *Baxter's* death, there remained due upon the note $196 54, and the trustee took up the note given to Mrs. *Baxter*, and gave a new note to Mrs. *Beckwith*, on which he has since paid $96 50.

*Bingham*, for the plaintiff.

*Wilson*, for the trustee.

RICHARDSON, C. J. It is settled, that an executor cannot be held as the trustee of one, to whom a pecuniary lega-

Beckwith et a.
*vs.*
Baxter et a.

cy is bequeathed by the will of a testator. 7 *Mass. Rep.* 271, *Barns vs. Treat.*—8 *ditto* 246, *Brooks vs. Cook.* The trustee, in this case, then, cannot be held chargeable as executor.

The only remaining question is, whether he can be charged as having made the debt his own, by giving his note to the wife of the principal ?

With regard to the property delivered by the principal to his wife, for her use, it is clear, that the trustee cannot be held. She must be considered as having disposed of the property with the husband's express assent, and he and his creditors will be bound by her acts, unless they can be avoided on the ground of fraud. But the question of fraud cannot be raised in this case. The interest is passed to Mrs. *Beckwith* ; and if the plaintiffs wish to avoid the acts of the wife, on the ground of fraud, Mrs. *Beckwith* must be made a party. 13 *Mass. Rep.* 215, *Gordon vs. Webb, and trustee.*

But there is another objection to charging the trustee, which goes to the whole amount of the note. There is no doubt, that a note, payable to a wife, is the property of the husband ; and if the wife had, in this case, made no disposition of the note, the trustee might have been charged. 13 *Mass. Rep.* 215, *Gordon vs. Webb, and trustee.*

But the trustee cannot be charged, unless Mrs. *Baxter's* act, in receiving the note, payable to herself, is adopted ; and and if she is in that transaction to be treated as the agent of the husband, she must be treated as such through the whole business. For it would be unreasonable to hold, that the trustee was bound by his promise to the wife, and yet should not avail himself of a payment made to the wife, according to the promise. The trustee, with the assent of Mrs. *Baxter*, has taken up the note given to her, and given a new note to another person. If Mrs. *Baxter* is to be considered as the agent of the husband, this is a payment, as respects him.

It is well settled, that contracts made for the benefit of another, without his privity, may be rejected or affirmed at his election. But, by making the election to affirm, he adopts the agency altogether, as well that which is not beneficial, as that which is. 2 *Strange* 859, *Wilson vs. Poulter.*—7 *East* 166.—*Paley's agency* 145.

We are, therefore, of opinion, that the trustee must be discharged.