NATIONAL LIFE INSURANCE COMPANY *vs.* GEORGE D. ALLEN.

Suffolk.    March 13. — Dec. 17, 1874.    COLT & ENDICOTT, JJ., absent.

A principal may sue in his own name on a promissory note not negotiable made in his behalf and for his benefit, although by its terms it is payable to the agent.

CONTRACT upon the following promissory note, signed by the defendant : " $422.83.    Boston, May 31, 1869.    Borrowed and

received of J. T. Phelps, agent, four hundred and twenty-two and $\frac{83}{100}$ dollars, which I promise to pay on demand, with interest."

At the trial in the Superior Court, before *Brigham,* C. J., without a jury, the following facts were found:

The plaintiff is a corporation in the State of Vermont, having, in 1867, an office in Boston, where J. T. Phelps acted as its general agent in the business of life insurance. On December 31, 1867, the plaintiff issued to the defendant a policy of insurance on his life for $5000 for the term of ten years, for an annual premium of $323.25. The defendant procured this policy to be issued through Phelps, and received it from him, to whom the defendant then paid the first year's premium. The note declared on was made and given to Phelps in consideration of premiums of insurance due from the defendant to the plaintiff, as provided by the policy issued to the defendant as aforesaid, and for interest on such premiums. The premiums then due, and interest, amounted, on May 31, 1869, to $422.83; and Phelps had no property or interest therein, excepting in his character of general agent of the plaintiff in Boston.

Upon these facts, the judge ruled that the plaintiff could maintain this action, and found for the plaintiff. The defendant excepted to this ruling.

*E. M. Bigelow,* for the defendant.

*L. W. Howes & E. B. Smith,* for the plaintiff.

DEVENS, J. The note upon which this suit is brought is not in the usual form of promissory notes, but recites that, having borrowed and received the sum of $422.83 of J. T. Phelps, agent, the defendant promises to pay the same on demand, with interest. The facts found, the case having been tried by the Superior Court without a jury, showed that the whole consideration of this agreement moved from the plaintiff corporation, it having made a policy of insurance upon the life of the defendant, and this paper having been given by him for the balance of unpaid premiums, in which Phelps had no interest. It was a note to the possession of which the plaintiff was entitled, the whole beneficial interest being in it, and which it also had a right to collect. *West Boylston Manufacturing Co.* v. *Searle,* 15 Pick. 225, 230. But it is objected by the defendant that the note could only be collected by a suit in the name of Phelps.

As a general rule, where a written agreement not under seal is made on behalf of a principal not named, and the consideration has moved from him, it is competent for the principal to bring an action in his own name on such agreement thus made for his benefit; and, on the other hand, even when the agent may. himself be liable upon a written contract, because he has failed fully to disclose that he has made it on behalf of another, the principal on whose behalf he has made it may also be liable. *Huntington* v. *Knox*, 7 Cush. 371, 374, and other cases cited in *Exchange Bank* v. *Rice*, 107 Mass. 37, 43.

The instrument here sued, although not negotiable, is properly designated as a promissory note, it being an absolute promise to pay money at all events; but, from its nature, an action upon it must necessarily be confined to those who are actually parties to it, either really or nominally, and it is clearly not intended to make any contract which was capable of transfer or assignment. On notes similar in their general character to this, it has been held that the action might be maintained in the name of the principal from whom the consideration moved. In *Garland* v. *Reynolds*, 20 Maine, 45, upon a note not negotiable for $100, payable to Enoch Huntington, treasurer of the committee of surplus revenue, it was held that the town for whose money the note was given might sue in its own name.

In the present case, the principal is entitled to the benefit of the note, and the defendant can sustain no injury by suit in the name of the principal, as he would have the benefit of any payments made by him to the nominal payee, while acting as agent.

Nor do we think that the St. of 3 & 4 Anne, *c.* 9, § 1, upon which the modern doctrine of promissory notes is founded, which declares that the money mentioned in such note shall be construed to be due and payable to such person to whom the same is made payable, should be held to prevent the principal from maintaining an action in his own name on a note not negotiable, where the nominal promisee is an agent. Nor, even if it may be sued by the principal in his own name, does it present the case of a note payable to A. or to B., as claimed by the defendant, which has been held bad as a promissory note. *Osgood* v. *Pearsons*, 4 Gray, 455. Here, there is in fact but one payee, Phelps being merely the representative of the plaintiff.          *Exceptions overruled.*