PECK BROTHERS & COMPANY *vs.* H. R. STRATTON & another, & trustee.

Franklin. September 22, 23. — 25, 1875. AMES & DEVENS, JJ., absent.

In a trustee process, if the plaintiff does not undertake to maintain his attachment of the funds in the hands of the trustee, the trustee must be discharged, and the conflicting rights of two distinct adverse claimaints of the funds cannot be determined.

TRUSTEE PROCESS by Peck Brothers & Company, a corporation under the laws of Connecticut, against H. R. Stratton and James Graves, late partners under the name of Stratton & Graves. A. W. Chapin, summoned as trustee, answered, admitting that, at the time of service upon him, there was in his hands the sum of $185.28 due the defendants; and that, before service of said process, the defendants, by their order in writing, had directed the amount due them to be paid to Hayden, Gere & Co., and that he had verbally promised to pay the same. Hayden, Gere & Co. appeared as claimants, as did also Gorham D. Williams, assignee in bankruptcy of the estate of H. R. Stratton, who alleged that at the time of the assignment to Hayden, Gere & Co. the defendants were bankrupt, and the assignment was in fraud of their other creditors, and void.

Hearing in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff did not prosecute its claim upon the funds in the hands of Chapin but abandoned the same; and the defendants did not defend against the plaintiff's claim. Upon the issue between Hayden, Gere & Co. and the assignee in bankruptcy of the estate of Stratton, it appeared that the firm of Stratton & Graves was dissolved about November 1, 1873, the interest of Graves having been purchased by Stratton; that the business was continued by Stratton, who assumed the assets and liabilities of the firm; that before and at the date of said dissolution, the firm of Stratton & Graves was indebted to Hayden, Gere & Co. upon an account, and that, at the same time, Chapin was indebted upon an account to Stratton & Graves. Soon after said dissolution, on November 9, 1873, Stratton, by an order in the name of Stratton & Graves, assigned to Hayden, Gere & Co. the ac

count of Stratton & Graves against Chapin, the same to be applied on the indebtedness of Stratton & Graves to Hayden, Gere & Co. On the same day Chapin verbally agreed to pay to Hayden, Gere & Co. according to said order and assignment. On November 24, 1873, service of process in this action was made upon Chapin as alleged trustee of the firm of Stratton & Graves. On February 20, 1874, H. R. Stratton, individually and without reference to Graves, his former partner, filed his petition in bankruptcy. He was thereupon adjudged a bankrupt, and Williams was appointed assignee of his estate. Neither the firm of Stratton & Graves, nor Graves, has been adjudged bankrupt.

Upon the foregoing facts the judge ruled that the assignee of Stratton was not entitled to maintain any claim to the funds in the hands of the alleged trustee, nor to defend against the claim of Hayden, Gere & Co., by becoming a party to these proceedings, and ordered judgment for the claimants, Hayden, Gere & Co.; and the assignee alleged exceptions to this ruling and order.

*G. D. Williams,* pro se.

*S. O. Lamb,* for the other claimants.

GRAY, C. J. The plaintiff not undertaking to maintain his attachment of the fund in the hands of the trustee, but abandoning all right to it, the only judgment could be that the trustee be discharged. The conflicting rights of the defendants, the trustee and the claimants could not be settled in this suit. The excepting claimant is not therefore prejudiced by the judgment of the Superior Court. *Exceptions overruled.*