BARNABAS CLARK *vs.* FRANCIS P. GARDNER & another & trustee.

Bristol.    Oct. 24. — Nov. 8, 1877.    LORD & SOULE, JJ., absent.

In a trustee process, an adverse claimant of the funds in the hands of the trustee is not allowed to show that there were no goods, effects or credits of the defendant in the hands of the trustee, at the time of service upon him.

TRUSTEE PROCESS begun in the Second District Court of Bristol, where judgment was entered against the principal defendants, and George Winslow and Henry H. Elsbree appeared as claimants of the funds in the hands of the trustee, and were adjudged to be entitled to the funds, and the trustee, who had filed no answer, was discharged.  The plaintiff appealed to the Superior Court.

At the trial in that court, the claimants were permitted to show that at the time of service upon the trustee there was nothing due from him to the principal defendants.  The justice, who heard the case without a jury, found for the claimants, and ordered that the trustee be discharged.  The plaintiff alleged exceptions.

*J. W. Cummings*, for the plaintiff.

*N. G. B. Swift*, for the claimants.

GRAY, C. J.  An adverse claimant is admitted as a party to the suit solely for the purpose of maintaining his right as against the plaintiff to goods, effects or credits in the hands of the supposed trustee, and not for the purpose of trying as against the defendant or the trustee the right to funds to which the plaintiff does not or cannot assert any title.  Gen. Sts. *c.* 142, § 15.  St. 1865, *c.* 43.  *Boylen* v. *Young*, 6 Allen, 582.  *Peck* v. *Stratton*, 118 Mass. 406.  Evidence that there were no goods, effects or credits of the defendants in the hands of the trustee at the time of the service of the writ upon him would in effect prove the claimant out of court.  The decision below admitting such evidence was therefore erroneous, and, as the judgment in favor of the claimant may have been founded upon it, the

*Plaintiff's exceptions must be sustained*