ANDREAS BLUME *vs.* JOHN GILBERT & trustee.

Suffolk. Nov. 16, 1877. — March 13, 1878. COLT & AMES, JJ., absent.

An attachment by trustee process of a sum due the principal defendant for services is discharged under the U. S. Rev. Sts. § 5044, by an assignment in bankruptcy under proceedings commenced by him within four months after the attachment; although the sum had been assigned by him before it was earned by an assignment not recorded as required by the St. of 1865, *c.* 43, § 2.

CONTRACT upon two promissory notes signed by the defendant.

At the trial in the Superior Court, before *Pitman,* J., Samuel R. Payson, summoned, on May 6, 1876, as trustee of the defendant, filed an answer, admitting funds in his hands belonging to the defendant, and setting up a previous assignment of the funds by the defendant to Charles H. Williams.

After the service of the writ upon the trustee, a petition in bankruptcy was filed by the defendant in the District Court of the United States for the District of Massachusetts within four months of that time, namely, on August 21, 1876, upon which the defendant was, on August 25, adjudged a bankrupt, and the proceedings in bankruptcy under said petition are still pending, and on September 12, 1876, William Eaton was duly chosen and qualified as assignee in bankruptcy of the estate of the defendant, and an assignment of all the estate, real and personal, of the bankrupt was duly made to him, and he appeared and was made a party claimant in this case. The trustee moved for his discharge by reason of these proceedings.

The plaintiff offered to show that the funds or credits in the hands of the trustee came to be and are held by him as follows : On or about June 5, 1875, the defendant contracted to build certain houses for the trustee, and to perform all the work and furnish the materials for the same for a given sum payable in instalments. On January 13, 1876, and while the work was going on and unfinished, and before all the instalments had become due and payable, the defendant, in writing, assigned to Charles H. Williams all such sums of money as should thereafter be or become due, owing or payable to him under the contract, and also all sums thereafter due, owing or payable for extra work

done and for extra materials furnished upon and for the houses from the trustee. This assignment has never been recorded, but the assignee has notified the trustee thereof, and claims the funds or credits in the hands of the trustee, and has appeared in this action as adverse claimant. After the assignment to Williams, sums became due and payable under the contract from the trustee, and also for extra work and materials furnished. The plaintiff contended that, upon these facts, the trustee should be charged; but the judge ruled that these facts, if proved, would be immaterial, and that the trustee should be discharged. The plaintiff alleged exceptions.

*A. Churchill & H. E. Ware*, for the plaintiff, contended that the assignment to Williams was valid, as against the assignee in bankruptcy, but, being of "future earnings," as decided in *Somers* v. *Keliher*, 115 Mass. 165, was void as against the plaintiff, it not being recorded, as required by the St. of 1865, *c.* 43, § 2, and that, therefore, the trustee should be charged.

*J. W. Hubbard & B. L. M. Tower*, for the trustee and the assignee in bankruptcy.

GRAY, C. J. The only ground upon which the plaintiff could have the trustee charged, or a special judgment rendered against the fund in his hands, was a valid subsisting attachment of the fund as the property of the principal defendant. But all attachments of a defendant's property, made, as this was, within four months before the commencement of proceedings in bankruptcy, are discharged by the assignment in bankruptcy. U. S. Rev. Sts. § 5044. No property of the defendant being held by the attachment, the court cannot, in this case, pass upon the conflicting rights of the assignee *in pais* and the assignee in bankruptcy. *Peck* v. *Stratton*, 118 Mass. 406. *Clark* v. *Gardner*, 123 Mass. 358.                    *Exceptions overruled.*