Jeremiah Sheehan & another *vs.* John M. Marston & trustee.

Suffolk.  Nov. 10, 1881. — Jan. 5, 1882.  Morton & Field, JJ., absent.

If in a trustee process the answer of the trustee admits that he owes the principal defendant a certain sum in payment for work and labor, a claimant of the funds in the hands of the trustee may show that the principal defendant acted in the matter merely as the claimant's agent.

Devens, J.  This is a trustee process.  The alleged trustee has answered that he made a contract with Marston, the principal defendant, to furnish certain materials and perform certain work for him for the sum of $100; that Marston has fulfilled said contract, and that therefore he owes him that sum.  Leonard C. Fuller appeared as claimant, and offered evidence to show that Marston was his foreman, working for wages for him during all the time this work was done, and that he also furnished the materials with which Marston worked.  He further offered to show that Marston communicated to him the fact that the trustee desired some work and was authorized by him (Fuller) to make a written proposal signed J. M. Marston & Co., (under which name Fuller and Marston had formerly done business,) which was accepted, and the work done by himself,

Marston and other servants of his own. This evidence was rejected by the learned judge who presided below, upon the objection of the plaintiff.

While the claimant may put in evidence any matters of fact not stated or denied by the alleged trustee, which are material to the decision of the question, he is bound by the answer of such trustee. If, therefore, the evidence was not consistent with such answer, but tended to contradict it, the presiding judge properly rejected it, upon the ground stated by him, that the answer was conclusive. Gen. Sts. c. 142, § 16.

The principal portion of this evidence tended to show that Marston acted merely as the agent of Fuller in the whole transaction, alike in making and during the performance of the contract. When a contract is made by one in his own name, but as agent of a principal, he may sue upon it or the principal may sue upon it in his own name, and this even in the case of a written contract with, or a non-negotiable note made payable to, an agent by name. *Lerned* v. *Johns*, 9 Allen, 419. *National Ins. Co.* v. *Allen*, 116 Mass. 398. So a principal may also sue in his own name on sales made by his agent. *Ilsley* v. *Merriam*, 7 Cush. 242. *Barry* v. *Page*, 10 Gray, 398.

The rights of the debtor in such case are sufficiently guarded by holding, where the agent has been permitted to deal in his own name, that the right of the principal to sue is subject to any defences, equities or set-offs that the debtor might have against the agent. *Barry* v. *Page, ubi supra.*

Although one may have been misled by the pretence of the agent that he was dealing for himself, yet if he has been in no manner injured he cannot object to being made responsible to the principal. *Selkirk* v. *Cobb*, 13 Gray, 313. In such case, the debtor is the debtor of the agent, but he is also the debtor of the principal, and the right of the principal when asserted is superior. The right of the agent to sue is for the benefit of the principal, and when the principal has intervened it ceases to exist.

It is entirely consistent with the answer of the alleged trustee that he owes Marston for the work and materials, to prove that, by reason of the relation existing between Marston and the claimant, he also owes the claimant. While he owes Marston,

1e also owes the principal, and in such case payment to the principal will exonerate him from the debt to Marston.

In *Merrill* v. *Norfolk Bank*, 19 Pick. 32, the plaintiff, who was the holder of a promissory note indorsed in blank, delivered it to an agent without putting his own name upon it, to procure it to be discounted. The agent indorsed it in his own name, and sent it to a bank, and the messenger represented that the money was wanted for the accommodation of the agent. The bank discounted the note and passed the proceeds to the credit of the agent, and the same were attached, as his property in the possession of the bank, on a trustee process. The plaintiff forthwith informed the bank that the note belonged to him, and demanded payment, and it was held, the proceeds not having actually been paid to the agent, that the bank was responsible to the principal therefor.

A similar notice was offered in evidence here by the claimant, and the evidence, if believed, did not contradict the alleged trustee's answer that he owed Marston, but showed a condition of facts not known to him, but appearing from the relation of the claimant to Marston, which would discharge him from his obligation to Marston by the intervention of the claimant in virtue of his superior right.

The case is not unlike that which occurs where an assignment of a debt has been made. The answer of the debtor that he owes the assignor is not contradicted by proving a valid assignment, but its effect is controlled by showing, as an independent fact, that the debt originally due to the assignor has by his own act become the property of an assignee.

The evidence therefore, so far as it tended to show that Marston was the agent only of the plaintiff, should have been admitted.                                     *Exceptions sustained.*

*S. A. Bolster & E. K. Dexter*, for the claimant.

*E. M. Bigelow*, for the plaintiff.