CATHERINE BUTLER *vs.* JOHN E. BUTLER & trustee.

Suffolk.    December 10, 1894. — January 1, 1895.

Present: ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Trustee Process — Discretion of Court — Rights of Claimant — Appeal — Trustee's Answer.*

It is within the discretion of the court, to the exercise of which no exception lies, to decline to allow the defendant, in an action upon a judgment begun by trustee process, to withdraw a general appearance, and to overrule a motion for leave to defend the action as of the original suit.

In a trustee process, a claimant of the funds in the hands of the trustee cannot be allowed to prove that nothing was due from the trustee to the principal defendant.

If a claimant of the funds in the hands of the trustee, in a trustee process, alleges certain facts, but it does not appear that any evidence was introduced or offered in support of his claim, or that any ruling of law was asked or given in respect thereto, no question of law is presented to this court by his appeal from an order disallowing his claim.

An objection to an order charging the trustee in a trustee process, on the ground that his supplemental answer was not upon oath, cannot be raised for the first time in this court upon an appeal from the order.

If the answer of the trustee in a trustee process shows that a sum of money, which the trustee retained as a protection or security against a certain life estate, became absolutely due to the principal defendant by the extinction of that estate prior to the service upon the trustee, the latter is properly charged upon his answer.

CONTRACT, upon a judgment of the Superior Court, begun by trustee process. Writ dated January 29, 1894. The Franklin Savings Bank, summoned as trustee, answered that, at the time of service upon it, there was in its hands the sum of $133.33,

which was subject to the order of the defendant " upon the fulfilment of certain conditions "; and this answer was sworn to. The trustee afterwards, by leave of court, filed an additional answer, alleging that the trustee lent the defendant a certain sum of money upon a promissory note secured by a mortgage of real estate in Boston, of which the plaintiff was life tenant, the defendant being the remainderman in fee, and out of that sum retained the sum of $133.33 as a deposit to protect the trustee against the plaintiff's life estate, and upon the condition that the trustee should surrender the same to the defendant as soon as the life estate should cease as an estate superior to the trustee's claim; that subsequently the real estate was conveyed to a third person, the plaintiff releasing her interest therein, on January 15, 1894, and the mortgage was afterwards discharged by the trustee, and the note surrendered as paid, the trustee having no further claim by reason thereof; and that, at the time of service upon it, the trustee had in its hands said sum of $133.33 as the property of the defendant, with no claim of the trustee thereon, except as the facts above stated would entitle it to any claim. This answer was not sworn to. Robert S. Hall appeared as claimant of the funds in the hands of the trustee, alleging certain facts not necessary to be stated.

At the trial in the Superior Court, before *Mason*, C. J., the defendant alleged exceptions to certain rulings, the nature of which appears in the opinion. The trustee was charged on its answer, and the claimant's claim was disallowed ; and both the defendant and the claimant appealed to this court.

*R. S. Hall*, for the defendant and as claimant, *pro se.*

*E. Greenhood*, for the plaintiff.

ALLEN, J. 1. We find no question of law in the bill of exceptions presented by the defendant. The defendant contends, in a general way, that so far as appears by the record the Superior Court was not entirely just towards him. We see no reason to think so. The defendant filed a general appearance, and a motion for leave to defend the action on the judgment as of the original suit. He afterwards sought to withdraw his general appearance, but this the court declined to allow. The court also overruled the motion. These were both matters within the discretion of the court. The latter is expressly made so by statute. Pub. Sts. c. 167, § 81.

2. The trustee was charged on its answer, and the claimant's claim was disallowed. Both the defendant and the claimant appealed. We will deal first with the appeal of the latter. A claimant cannot be allowed to prove that nothing was due from the trustee to the principal defendant. *Clark* v. *Gardner*, 123 Mass. 358. *Moors* v. *Goddard*, 147 Mass. 287, 290. He appears for the purpose of showing that he is entitled to the goods, effects, or credits which may be in the hands of the supposed trustee; and he may allege and prove any facts not stated nor denied by the supposed trustee. Pub. Sts. c. 183, §§ 35, 36. In this case the claimant has alleged certain facts, but proved none. It does not appear that any evidence whatever was introduced or offered in support of his claim, or that any ruling of law was asked for or given in respect thereto. No question of law is presented by the claimant's appeal.

3. We come now to the defendant's appeal. It has been said that the principal defendant has no right of appeal from an order charging a trustee. *Kellogg* v. *Waite*, 99 Mass. 501. *Wasson* v. *Bowman*, 117 Mass. 91, 96. The defendant, however, contends that he has an interest to appeal, because a judgment against the trustee will discharge him from the defendant's claim against him. *Webster* v. *Lowell*, 2 Allen, 123. However this may be, no error is shown in the order charging the trustee. The chief ground of complaint is that the trustee's supplemental answer was not upon oath. An objection of this kind must be taken at the hearing, or it will be deemed to have been waived. The omission was probably by inadvertence, and might have been remedied at once if attention had been called to it. The defendant might have alleged and proved other facts not stated nor denied by the trustee, if he had seen fit to do so. Pub. Sts. c. 183, § 17. But he did not. He submitted the matter to the determination of the court upon the trustee's answers, without further proof or allegation, and, so far as appears, without calling attention to the want of an oath to the supplemental answer. The trustee was properly charged. According to the terms of its two answers, the defendant's money which the trustee retained as a protection or security against the plaintiff's life estate became absolutely due by the extinction of that estate prior to the service upon the trustee in the present action. Even with-

out the supplemental answer, the trustee, admitting funds, and showing no right to retain them, might it would seem be held chargeable.                *Defendant's exceptions overruled.*

*Order charging trustee affirmed.*