JAMES H. BENNETT & another *vs.* EDWARD H. SWEET & others.

Suffolk.   March 25, 1898. — August 30, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity — Creditors' Bill to reach and apply a Verdict for Personal Injuries before Judgment.*

A verdict for personal injuries before judgment has been entered upon it is not property which can be reached in equity.

BILL IN EQUITY, under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, to reach and apply in payment of a debt a verdict for personal injuries before judgment has been entered upon it. The defendant Sweet, who was an inhabitant of Rhode Island and who was not served with process within this Commonwealth, appeared specially by attorney and filed a motion to dismiss the bill, and also a, plea to the jurisdiction. The plaintiffs traversed the plea, and, after a hearing on evidence, the Superior Court entered a decree dismissing the bill, with costs; and the plaintiffs appealed to this court. The facts appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*H. R. Bailey*, (*S. L. Whipple & W. R. Sears* with him,) for the plaintiffs.

*F. Hutchinson*, for Sweet.

FIELD, C. J.   It appears that Sweet brought an action of tort against one Kimball and obtained a verdict, but that no judgment has been entered on the verdict, although by a rescript from this court the Superior Court could enter judgment. The Superior Court has continued the case for judgment, and it remains so continued. See *Sweet* v. *Kimball*, 166 Mass. 332. The cause of action there alleged was that Kimball had procured

the arrest of Sweet without right, and forced him to pay a sum of money for his release.   The present suit is a bill in equity brought by the partnership of Bennett, Rand, and Company against Sweet and his attorneys in Massachusetts, and against Kimball to obtain the payment of a debt due to the partnership from Sweet, and it seeks to reach and apply the verdict in the action of *Sweet* v. *Kimball* in satisfaction of this debt.   Sweet is an inhabitant of Rhode Island, and has not been served with process within this Commonwealth, but he has appeared specially by attorney, and has filed a motion to dismiss the bill, and also a plea to the jurisdiction.   The plaintiffs traversed the plea, and, after a hearing on evidence, the Superior Court dismissed the bill with costs.   The question of law which the case presents is whether the verdict in the action of Sweet against Kimball can be reached and applied in equity, in satisfaction of the debt due from Sweet to the plaintiffs.   We think that the gist of the cause of action in *Sweet* v. *Kimball* was an injury to, the person, although by means of that injury Sweet was deprived of property.   If one count of the declaration in that action could be regarded as a count to recover money paid to the defendant in that action under duress, yet we understand that the verdict was general upon both counts, and was not confined to the amount of money paid.   A verdict in such a case before judgment is not assignable; *Linton* v. *Hurley*, 104 Mass. 353; *Rice* v. *Stone*, 1 Allen, 566; and it cannot be reached by trustee process; *Thayer* v. *Southwick*, 8 Gray, 229; and we are of opinion, for the reasons given in these cases, that a verdict for personal injuries before judgment has been entered upon it is not property which can be reached in equity.   A verdict in favor of a plaintiff for a definite sum of money, if it could be reached at all by a creditor of the plaintiff, is of such a nature that it could be reached by trustee process.                              *Decree affirmed.*