DANA E. WILDE *vs.* DENNIS J. MAHANEY & trustee.

Middlesex. January 14, 1903. — May 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Trustee Process*, Rights of claimant, Unliquidated demand.

A claimant who has appeared in a trustee process, has the right to show that the fund due to the principal defendant is one which cannot be reached by trustee process.

An unliquidated demand cannot be reached by trustee process under our statutes.

A verdict does not convert a claim for unliquidated damages into a debt. Only a judgment can have that effect.

CONTRACT for a balance alleged to be due on a promissory note made by the defendant and payable to the plaintiff or his order, the Natick Five Cents Savings Bank being summoned as trustee, and John J. Scott appearing as claimant. Writ in the First District Court of Southern Middlesex dated April 18, 1901.

On appeal to the Superior Court the case was tried before *Lawton*, J. It appeared that theretofore the defendant Mahaney had brought an action against the Natick Five Cents Savings Bank for breach of the covenant of quiet enjoyment in a lease and that a verdict was returned in favor of Mahaney in the sum of $161.68. On the same day the bank obtained a verdict against Mahaney for $24.60 in an action for use and occupation of a tenement. The claimant in this action was the attorney of record in the case of Mahaney against the bank and appeared for Mahaney at that trial. The verdict in favor of Mahaney was returned on April 15, 1901, and the bank was summoned as trustee on April 18, 1901, under Pub. Sts. c. 183. The claim of Mahaney against the bank was assigned to the claimant on April 23, 1901. In the action of Mahaney against the bank, on May 3, 1901, it was ordered that the case stand continued to await the result of the present action. In the present action judgment was given for the plaintiff Wilde in the sum of $350.

The trustee filed its answer in the district court, alleging that it had no goods, effects or credits of the defendant in its hands or possession except the claim upon the verdict against it on which judgment had not been entered. The district court ordered that the trustee be discharged.

In the Superior Court the judge refused to make the rulings requested by the claimant which are quoted by the court, and ordered that the Natick Five Cents Savings Bank be charged as trustee in the sum of $137.08, the difference between the two verdicts. The claimant alleged exceptions.

*J. J. Scott*, claimant, *pro se.*

*W. R. Bigelow*, for the plaintiff.

LORING, J. This case was begun in the First District Court of Southern Middlesex by a writ of trustee process. The trustee filed an answer setting forth that before the service of the trustee writ the principal defendant recovered a verdict against it in the sum of $161, and it recovered a verdict against the principal defendant of $24, and that judgments had not been rendered on either verdict. The claimant appeared in that court and filed a claim in which he set forth in effect that the verdict against the trustee was made in an action to enforce a cause of action not

the subject of trustee process, and that by an assignment made six days after the trustee writ was served an assignment was made to him of the chose in action in which the verdict was rendered.

The district court made an order discharging the trustee, and the plaintiff appealed to the Superior Court. In the Superior Court the records of the two actions in which the verdicts were rendered, referred to in the trustee's answers, were filed by agreement of the plaintiff and trustee, and made part of the record.

The claimant asked the presiding judge to rule that "1. Upon all the evidence in this case trustee process does not lie. 2. Upon all the evidence in this case the trustee should be discharged. 3. Upon all the evidence in this case there should be a finding in favor of the claimant, and for his costs." The judge refused these rulings and ordered the trustee to be charged. The case is here on exceptions taken by the claimant to the refusal to give the three rulings requested.

The plaintiff's first contention is that it is of no consequence whether the ruling made below is right or wrong, for that is a question on which the claimant has no right to be heard. In support of that contention he relies on *Clark* v. *Gardner*, 123 Mass. 358, approved in the subsequent cases of *Moors* v. *Goddard*, 147 Mass. 287, 290, and *Butler* v. *Butler*, 162 Mass. 524. On looking at the original papers it appears that the case which it was held in *Clark* v. *Gardner*, the claimant had no right to go into was this: The claimant was the assignee of future earnings of the principal defendant under an assignment duly recorded; he was allowed by the Superior Court to show that the sum due when the trustee writ was served on the trustee, if anything was then due, was due under an entire contract which had not been performed and was therefore not a sum due absolutely and without any contingency within what is now R. L. c. 189, § 23. It was held that he had no right to do this, not on the ground that proof of that fact contradicted the answer of the trustee; there was no such objection in that action; but on the ground that for the claimant to prove that there was no fund held by the trustee writ was to prove himself out of court. This conclusion was reached as matter of construction of the

statute giving the claimant a right to intervene, now R. L. c. 189, § 32; that act provides that the claimant shall be admitted a party for the purpose of determining his title to the debt due the principal defendant. It had been previously settled that if there is no debt held by service of the trustee writ there is no standing for the claimant; *Peck* v. *Stratton*, 118 Mass. 406; and it was held in *Clark* v. *Gardner* that the claimant was limited to asserting a title to the fund in court and could not be heard to protect his interest in a fund, to which but for the attachment he had a good title by assignment, by showing that it was not the subject of trustee process and that the court ought not to direct the trustee to pay it to the plaintiff for that reason.

In *Webster* v. *Lowell*, 2 Allen, 123, it was held that a principal defendant is bound by a judgment charging a trustee by reason of his having a fund due the principal defendant not arising out of a contract and therefore not properly the subject of trustee process; and in that case not only is it laid down that the principal defendant has a right to litigate that and any other question in which he is interested, but this court went one step farther and held that if the principal defendant wished to raise the objection that the fund was not the subject of trustee process, he should have been admitted as a claimant of the fund and raised it in that capacity.

The two cases are in conflict, and in our opinion the rule of practice laid down in *Webster* v. *Lowell* is the true one.

A claimant who has appeared in the trustee process must have the right to raise this question in some way unless he is to have the right to sue the trustee under his assignment in spite of the judgment charging the trustee under the trustee writ. It is true that in R. L. c. 189, § 43, providing that the judgment against the trustee shall discharge him from all demands by the defendant, persons claiming by assignment under the defendant are not expressly mentioned; and it is also true that the rights of the assignee could be worked out by allowing him to have the right to make the defence under consideration in the name of the trustee. But we are of opinion that R. L. c. 189, § 43, is to be construed as if a person claiming under the principal defendant by assignment from him were expressly mentioned in that act, and that such a person who has appeared or who has

had notice to appear in the trustee process is bound by a judgment charging the trustee. We think that the purpose of R. L. c. 189, § 32, allowing a claimant to intervene in the trustee action, is that there may be a final determination of all questions in which the claimant is interested, so that a judgment charging the trustee shall acquit the trustee of all demands by the defendant and those claiming under him who have had notice and an opportunity to be heard, as well as from all demands by the principal defendant himself.

We are therefore of opinion that the claimant had the right to go into the question whether the fund due the principal defendant was one which could be reached by trustee process or not.

The plaintiff's second contention is that the ruling made below was right, and that a claim for unliquidated damages arising out of the breach of a contract is the subject of trustee process.

There is no case in this Commonwealth on the point. But it has been decided in other jurisdictions that such a claim cannot be reached in foreign attachment. *Hugg* v. *Booth*, 2 Ired. 282. *Eastman* v. *Thayer*, 60 N. H. 575, and *Bucklin* v. *Powell*, 60 N. H. 119, and cases there cited. *Capes* v. *Burgess*, 135 Ill. 61. *Selheimer* v. *Elder*, 98 Penn. St. 154, 158, and cases cited. The text books lay down the same rule. Shinn on Attachment & Garnishment, § 483. Drake on Attachment, § 548. 2 Wade on Attachment, § 447.

The reasons given in the opinion in *Hugg* v. *Booth*, 2 Ired. 282, decided sixty years ago, are conclusive of the matter. Chief Justice Ruffin in that opinion points out not only that the word "credits" is the correlative of "debts," and that the use of that word in describing what choses in action can be trusteed means that liquidated demands alone can be reached, but he also points out that the statute contemplates that the questions of the trustee's being indebted to the principal defendant and in what amount, are to be disposed of on the answers of the trustee and on those answers alone, without any provision being made for the litigation of questions which cannot be disposed of in that way; and for that reason that the North Carolina statute as to foreign attachment did not contemplate a claim for unliquidated damages being reached in such proceedings.

There is nothing to be added to this discussion of the subject.

It remains only to show that it applies to our statute as to foreign attachment.

By our statute trustee process does not lie unless the trustee has in his possession "goods, effects or credits" of the principal defendant. R. L. c. 189, § 19. In construing this provision in other connections, it has been laid down by this court that a credit is the correlative of debt and should be so construed in this act. *Wentworth* v. *Whittemore,* 1 Mass. 471, 473. *Wilder* v. *Bailey,* 3 Mass. 289, 292. *Fellows* v. *Duncan,* 13 Met. 332, 334. Again, our statute contemplates the whole matter being disposed of (if disposed of in the original proceeding) on the answers of the trustee, R. L. c. 189, § 10, or on facts stated by him for the purpose of submitting his liability to the court, § 13, or on answers by him to interrogatories filed by the plaintiff, § 11. Not only that, but it is expressly provided that the answers of the trustee are to be taken as true and cannot be contradicted by either party to the principal action, § 15, and that the judgment against the trustee shall acquit and discharge him of all demands by the principal defendant for all credits paid or accounted for by the trustee by force of such judgment. When the liability of the trustee is not disposed of in the original action and a writ of *scire facias* is sued out, the answers of the trustee in that proceeding are taken to be true as they are when made in the original action. *Fay* v. *Sears,* 111 Mass. 154, 155. *Tryon* v. *Merrill,* 116 Mass. 299.

No case has been cited by the plaintiff, and none has come to our notice, in which it has been held that a claim for unliquidated damages arising out of the breach of a contract is the subject of trustee process. The argument of the plaintiff in this case is first that inasmuch as such a chose in action can be assigned at common law, and by statute passes to an assignee in bankruptcy, it is also the subject of trustee process. But the considerations involved when a creditor voluntarily assigns a chose in action, and those involved where a creditor of that creditor is given the right to apply that chose in action, (or so much thereof as is necessary,) against his will in payment of a debt due from him, are very different. A creditor may well be allowed to assign, if he wishes to do so, any chose in action where the assignee can properly represent his rights, that is to

say, choses in action arising out of contract but not arising out of torts for personal injuries. *Rice* v. *Stone,* 1 Allen, 566. *Bennett* v. *Sweet,* 171 Mass. 600. But to give to a creditor of a person who has a right of action the right to enforce his rights in whole, or so far as it is for the interest of the creditor to enforce them, against the will of the principal defendant to whom the right of action belongs, is a matter involving very different considerations. For the reasons already given, we are of opinion that the Legislature did not intend to give the plaintiff in trustee process a right to reach all choses in action due the principal defendant, but has restricted him to trusteeing debts due to the principal defendant.

The only other argument advanced by the plaintiff is that the damages were liquidated by the verdict. But the verdict does not convert the claim for unliquidated damages into a debt; *Thayer* v. *Southwick,* 8 Gray, 229; it does not become a debt until it passes into judgment. See also in this connection *Rice* v. *Stone,* 1 Allen, 566; *Bennett* v. *Sweet,* 171 Mass. 600; *Linton* v. *Hurley,* 104 Mass. 353.

Where no fund is held under the trustee writ, no judgment can be entered directing the trustee to pay the fund to the claimant. In such a case he is entitled to no more than his costs. *Peck* v. *Stratton,* 118 Mass. 406. *Blume* v. *Gilbert,* 124 Mass. 215. *Moors* v. *Goddard,* 147 Mass. 287, 290. For that reason the third ruling requested by the claimant was wrong.

*Exceptions sustained.*