ERNEST R. HUBBARD *vs.* HENRY G. LAMBURN & trustee,
HENRY G. LAMBURN & another, claimants.

Middlesex.   March 14, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING,
& BRALEY, JJ.

*Trustee Process. Practice, Civil. Words, "May."*

A claimant admitted under R. L. c. 189, § 32, to an action at law begun in a police
court by trustee process, on appealing to the Superior Court from a judgment
of the police court disallowing his claim, is entitled to a trial by jury if he claims
it seasonably.

CONTRACT on a judgment against Henry G. Lamburn, Daniel
Iliffe being summoned as trustee.   Writ in the Police Court of
Somerville dated August 11, 1903.

Henry G. Lamburn and Arthur Lamburn, copartners, ap-
peared as claimants under R. L. c. 189, § 32, alleging that
under a contract in writing between the trustee and the firm
of H. G. Lamburn and Company they were entitled to the
goods, effects and credits in the hands of the trustee.

In the police court the defendant was defaulted, and the
court after a hearing charged the trustee in the sum of $92.45,
disallowed the claimants' claim, and found for the plaintiff
in the sums of $77.36 damages and $15.09 costs.   The claim-
ants appealed, and on the same day on which their appeal
was entered filed a claim for a trial by jury.   Neither the
defendant nor the trustee appealed.

In the Superior Court the case at the request of the plaintiff
was put on the list of cases for trial without a jury.   At the
trial before *Richardson,* J. the claimants' counsel objected to
a trial without a jury and called the attention of the judge
to the fact that the claimants had claimed a jury trial.   The
judge overruled the objection, and the claimants excepted.   The
judge then heard the case without a jury.   He found that
the claimants had not maintained their claim, and charged
the trustee on his answer for the sum of $92.45.   The claim-
ants alleged exceptions.

The case was argued at the bar in March, 1905, before *Knowlton*, C. J., *Morton*, *Lathrop*, *Barker*, & *Hammond*, JJ., and afterwards was submitted on briefs to all the justice . Mr. Justice Barker died before the decision of the case.

*J. L. Powers*, for the adverse claimants, submitted a brief.

*S. W. Mendum* for the plaintiff.

BRALEY, J.   At the adoption of our State constitution the form of legal procedure known as the trustee process had been established by the Prov. St. of 1758–59 (32 Geo. II.) c. 10, and was in common use.   *Jarvis* v. *Mitchell*, 99 Mass. 530, 531.

The St. of 1794, c. 65, was a revision of this statute and of the subsequent St. of 1788, c. 16, § 4.   After providing the form of writ, full provisions were made for the summoning, appearance and answer of the trustee, and his examination upon written interrogatories, as well as for subsequent proceedings that might be required to make the remedy effective.

A practice seems to have prevailed under this enactment that if the debt had been assigned, the assignee was required to notify the trustee, and before the latter was examined, to exhibit to him evidence of the assignment.   It became the duty of the trustee in his answers to disclose this fact, with the evidence of the transfer, the validity of which then was determined by the court.   Unless such notice was given, payment by the trustee on execution operated as a discharge.   *Comstock* v. *Farnum*, 2 Mass. 96.   *Foster* v. *Sinkler*, 4 Mass. 450.   *Wood* v. *Partridge*, 11 Mass. 488, 491.   *Dix* v. *Cobb*, 4 Mass. 508, 511.   See *Marvel* v. *Babbitt*, 143 Mass. 226, 227.

An inference would not be unwarranted that under this system an opportunity would be open for a successful evasion of an anticipated attachment by a fraudulent assignment, while the rights of an assignee might be imperilled by a refusal of the trustee to make the assignment a part of his answer.

In some of the earlier cases, the court suggests that if the assignee also was summoned, upon his being interrogated, such collusion might be exposed.   *Dix* v. *Cobb*, *ubi supra.* *Gordon* v. *Webb*, 13 Mass. 215.   But in *Hawes* v. *Langton*, 8 Pick. 67, 69, 70, it is said that this suggestion never became the practice.

By the St. of 1817, c. 148, a new and more satisfactory proceeding between the plaintiff and an assignee for the benefit of both, was first authorized. *Parker* v. *Danforth,* 16 Mass. 299, 300. *Hawes* v. *Langton, ubi supra.* *Burlock* v. *Taylor,* 16 Pick. 335, 336.

Any person adversely interested, who asserted title to the "goods, effects or credits" by force of an assignment, was given the absolute right to intervene voluntarily in the action, or to appear, upon a summons issued on motion of the plaintiff, and to establish his claim as superior to that of the attaching creditor. *Boylen* v. *Young,* 6 Allen, 582. *Mortland* v. *Little,* 137 Mass. 339.

When admitted as a party, under either form of appearance, he takes upon himself the corresponding burden of proof, and, having submitted his claim for adjudication, is obliged to follow such forms of procedure for the framing and trial of the issues as may have been legally adopted.

By § 1, it was provided that an assignee upon "his appearing voluntarily, and claiming to be so admitted, or by coming into court, upon being notified for that purpose, by a summons . . . and upon . . . becoming a party to the suit, the validity of the assignment, or its effect on the case, shall be tried by the court, or by a jury, as the case may require."

The reported cases, so far as examined, seem to show the practice under this section uniformly to have been to submit all issues of fact to a jury. See *Parker* v. *Danforth,* 16 Mass. 299; *Adams* v. *Robinson,* 1 Pick. 461, 462, *ad finem ; Burlock* v. *Taylor,* 16 Pick. 335 ; *Sibley* v. *Smith,* 19 Pick. 546 ; *Dennis* v. *Twitchell,* 10 Met. 180.

Indeed it was said by Chief Justice Shaw in *Sibley* v. *Smith,* "the intervening party is allowed to bring proofs and try his title upon the fact and upon the law, and in this way can he have a trial of the fact by the jury."

No statutory change was made until by the Rev. Sts. c. 109, this section was divided, and the part now under consideration appears in §§ 16 and 18. By § 16, "shall" was changed to "may" and this portion recast so as to read, "any question of fact, arising . . . may be tried and determined by the court, or may be submitted to a jury, in such manner as the court

shall direct." Notwithstanding this change the former practice apparently still continued. *Eldridge* v. *Benson,* 7 Cush. 483. *Richardson* v. *Forepaugh,* 7 Gray, 546. See, however, *Taylor* v. *Lynch,* 5 Gray, 49, for an exception where all the issues were determined by the court.

No material modification was made either by the Gen. Sts. c. 142, §§ 12 and 16, or the Pub. Sts. c. 183, §§ 18 and 36. But the practice under these revisions seems to have been substantially changed, and such cases were tried to the court. See *Boylen* v. *Young,* 6 Allen, 582 ; *Gifford* v. *Rockett,* 119 Mass. 71 ; *Clinton National Bank* v. *Bright,* 126 Mass. 535 ; *White* v. *Coleman,* 127 Mass. 34; *Sheehan* v. *Marston,* 132 Mass. 161 ; *Marvel* v. *Babbitt,* 143 Mass. 226 ; *Moors* v. *Goddard,* 147 Mass. 287 ; *Butler* v. *Butler,* 162 Mass. 524; *Creed* v. *Gilman,* 169 Mass. 562.

Inasmuch as a remedial process unknown to the common law was provided, under art. 15 of the Declaration of Rights the unqualified privilege of either party to a trial of the issues of fact by a jury was preserved.

The controversy is "between two or more persons" and certainly involves the right to property.

If the plaintiff in the present case had been non-suited, or defeated in a trial upon the merits, or if the trustee had been discharged, the claimants could have brought an action at common law to recover the money. They then would have been entitled to a jury trial if seasonably claimed. Declaration of Rights, art. 15. R. L. c. 173, § 56.

The form which the litigation may assume does not change the nature of the controversy. In either action the object to be accomplished is to settle the right to the debt, which has been held to be the correlative of "credits." *Wilde* v. *Mahaney,* 183 Mass. 455, 460. And this is true whether the original creditor, or his assignee, sues the debtor directly, or the title is determined in an action brought by a creditor of the creditor, to which others interested are allowed by intervention to become parties. *Powers* v. *Raymond,* 137 Mass. 483.

The R. L. c. 189 re-enacted previous revisions for the appearance of adverse claimants, and in § 32 refers to § 16, for the form of trial of questions of fact that may be pre-

sented. This last section in its literal wording plainly leaves the option of a jury trial to the discretion of the court.

But when read in connection with its legislative origin, supplemented by the practice that prevailed under the original statute, if a jury trial is seasonably claimed, " may " in the second clause should be construed to mean " shall." *Phillips* v. *Fadden*, 125 Mass. 198, 201.

By this construction the statute can be sustained as being in harmony with the constitutional right upon which the claimants rely.

It may be suggested that the remedy provided for adverse claimants is to be considered as analogous to a bill of interpleader in equity, where, after the claimants interplead, the issues raised would be tried to the court unless in its discretion they were submitted to a jury. *Parker* v. *Simpson*, 180 Mass. 334.

Apart from the fact that the employment of either process may afford a convenient means of settling a disputed title to personal property, there are features relating to the introduction of evidence, found in the first statute [St. 1817, c. 148], that lend some further support to this view. It provided in § 1 that the original defendant might be admitted as a witness upon the application of either party. Rev. Sts. c. 109, § 19, required that " the testimony shall all be given by depositions, taken . . . and filed in the case." This mode of proof was in accordance with the practice then prevailing in chancery. Chancery Rule 29 of this court. 24 Pick. 417. Until St. of 1852, c. 312, § 85, was passed permitting oral evidence to be taken this rule remained unmodified. *Pingree* v. *Coffin*, 12 Cush. 600.

Before this change, however, it was provided by St. of 1839, c. 107, § 1, subsequently Gen. Sts. c. 142, § 16, Pub. Sts. c. 183, § 37, now R. L. c. 189, § 32, that in actions by trustee process, when claimants intervened, the testimony might be taken orally or by deposition as the court should order.

Laying aside any distinction that might be drawn from these different evidentiary methods as finally indicative of a legislative intention to regard the statutory and equitable reme-

dies as dissimilar, the analogy fails. A bill of interpleader is strictly a proceeding in equity that before the constitution regularly would have been tried without a jury, and hence is within the exception stated in art. 15, while the right of intervention given to a claimant is a statutory remedy at law since created, and therefore subject to the constitutional guaranty of a jury trial.

At the time the claimants entered their appeal they seasonably asked for a trial by jury, and that request must be considered to mean a demand that any questions of fact, arising between them and the plaintiff, concerning the title to the fund in the possession of the trustees, should be thus determined. R. L. c. 173, § 56. Rule 18 of the Superior Court. The request, for the reasons stated, should have been granted.

*Exceptions sustained.*