ERNEST R. HUBBARD *vs.* HENRY G. LAMBURN & trustee,
HENRY G. LAMBURN & another, claimants.

Middlesex.    January 10, 1907. — February 28, 1907.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Trustee Process.    Evidence, Res inter alios.*

At the trial of an action begun by trustee process, where the defendant and another appear under R. L. c. 189, § 32, as claimants of the fund in the hands of the trustee which they allege to have been their partnership property, and the only issue for the jury is whether the claimants have maintained their claim to the fund, it is error for the presiding judge to exclude the answers of the trustee to interrogatories propounded to him by the plaintiff under c. 189, § 11, containing statements of acts and conduct of the defendant from which it can be argued that he was the only person interested in the alleged partnership.

In an action begun by trustee process, where a claimant of the fund in the hands of the trustee has appeared under R. L. c. 189, § 32, which permits him to " allege and prove any facts which have not been stated nor denied by the supposed trustee," on the trial of the issue between the plaintiff and the claimant, the statements contained in the answers of the trustee to interrogatories propounded to him by the plaintiff under c. 189, § 11, are not *res inter alios* nor to be treated as hearsay, and so far as they are material must be laid before the jury.

SHELDON, J.  In this action of contract brought by trustee process, one Iliffe was summoned as a trustee of Henry G. Lamburn, the defendant; and Henry G. Lamburn and Arthur Lamburn, as copartners under the name of H. G. Lamburn and Company, claimed the fund in the hands of the trustee as their property.  At the trial in the Superior Court of the issue between these claimants and the plaintiff, after the decision in this case reported in 189 Mass. 296, it appeared that the alleged trustee was indebted to H. G. Lamburn and Company for some work done under a written contract, and the question was whether this work had been done by the defendant individually or by the claimants as a partnership.  The single issue submitted to the jury was whether the claimants had maintained their claim to the funds in the hands of the trustee.  The claimants offered evidence tending to show the existence of the partnership at the time the work was done.  At the conclusion of the claimants' case, the plaintiff offered in evidence the trustee's sworn answers to interrogatories propounded to him by the plaintiff under R. L. c. 189, § 11 ; and these having been excluded by the judge, and the jury having found in favor of the claimants, the case comes before us upon the plaintiff's exception to the exclusion of these answers of the trustee.

In our opinion these answers should have been admitted. They contained statements of acts and conduct of Henry G. Lamburn upon which it might have been argued that he was the only person interested in the alleged partnership.  It is true that he was the defendant in the action ; but he was also one of the claimants, and his acts and conduct were accordingly material.  Nor were the answers of the alleged trustee *res inter alios* as to the claimants, or to be treated merely as hearsay.  The statute giving them the right to appear in the original action for the purpose of determining their title provides that they " may allege and prove any facts which have not been stated nor denied by the supposed trustee."  R. L. c. 189, § 32.  This provision cannot be given full effect if the trustee's answers which contain his statements and denials, so far as material, are not to be laid before the jury.  And it is for this reason that it was held in *Clinton National Bank* v. *Bright*, 126 Mass. 535, that the rule as to the conclusiveness of

a trustee's answers should be applied if an adverse claimant has appeared as in an ordinary case. R. L. c. 189, § 15. The trustee's answers were received, and made the basis of decision, on issues between the plaintiff and the claimants, in *Mulhall* v. *Quinn*, 1 Gray, 105; *Taylor* v. *Lynch*, 5 Gray, 49; *Wilde* v. *Mahaney*, 183 Mass. 455; and *Chapin* v. *Pike*, 184 Mass. 184. They were said to be conclusive upon a claimant in *Sheehan* v. *Marston*, 132 Mass. 161, 162. Apparently they were so treated in the Superior Court in *Butler* v. *Butler*, 162 Mass. 524, without objection on this point.

*Jones* v. *Stevens*, 5 Met. 373, the only decision cited by the claimants, was not a case of trustee process, and has no bearing upon the question here considered.

*Exceptions sustained.*

*S. W. Mendum*, for the plaintiff.
*J. L. Powers*, for the claimants, submitted a brief.

